**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>   Plaintiff,  )<br>vs.  )<br>Daniel Courville,  )<br>   Defendant.  ) | No. CR 17-482-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Request for Compassionate Release for Extraordinary and Compelling Reasons (Docs. 151 and 158) filed by Daniel Courville ("Courville"). The government has filed a response (Doc. 161).

*Background*

As stated by the Ninth Circuit Court of Appeals, Courville "was indicted on one count of knowingly accessing child pornography. A two-day bench trial was held, during which the presiding district court judge reviewed twelve images of child pornography submitted as stipulated exhibits. At the close of trial, the district court found Courville guilty." *United States v. Courville*, 805 Fed.Appx. 519, 520 (9th Cir. 2020) (Mem.). On June 4, 2019, this Court sentenced Courville. The Court applied a United States Sentencing Guideline Section 2G2.2(b)(4)(A) enhancement because one of the "images 'portray[ed] . . . sadistic or masochistic conduct.'" *Id*. Courville was sentenced to a 70 month term in the custody of the Bureau of Prisons to be followed by a lifetime of supervised release. Courville's conviction and sentence were affirmed.

On March 1, 2021, Courville filed his Request for Compassionate Release for Extraordinary and Compelling Reasons (Doc. 151). Counsel was subsequently appointed to assist him and an Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(I) was filed (Doc. 158). The government has filed a response (Doc. 161).

*First Step Act*

The First Step Act went into effect on December 21, 2018. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . " 18 U.S.C. § 3582(c)(1)(A).

The Act provides that a sentence may be reduced for "extraordinary and compelling reasons." Additionally, district courts are granted broad discretion in determining whether to grant relief. *US v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020), *citation omitted*.

*Exhaustion of Remedies*

The statute clearly imposes an administrative exhaustion requirement before seeking review by a district court. As another court summarized:

> The amended statute allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant can file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id*. Second, a defendant can file a motion upon "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility." *Id*. Courts have recognized

> these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court. *See, e.g., United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019). But courts have disagreed on what, if anything, a defendant must do beyond that initial request and before filing in court.

*United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *1 (D. Ariz. Nov. 8, 2019). In this case, it appears Courville submitted a request, but did not receive a timely response. As the government has conceded Courville has exhausted his administrative remedies, Response (Doc. 161, p. 6), the Court finds Courville has exhausted his administrative remedies. *See e.g. United States v. Spears*, 98-cr-208 (D. Ore. Sept. 30, 2019); *United States v. Robinson*, 16-cr-5307 (W.D. Wash. July 8, 2019).

*Request for Compassionate Release*

Courville cites his vulnerability to COVID-19 based on his age and health problems as extraordinary and compelling reasons for a sentence reduction. In support of this, Courville also asserts the majority of the staff at FCI Big Spring is new and untrained, the staff are non-compliant with COVID-19 protocols, and leadership expects inmates to report non-compliant staff, which would result in retaliation. As to his condition, Courville states:

> Mr. Courville is 46 years old. He suffers from hypertension, hyperlipidemia, and obesity. "Having obesity . . . increases your risk of severe illness from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. The fact that Mr. Courville is at an increased risk of severe illness from COVID-19 due to obesity is an extraordinary and compelling reason which calls for his release. Having "hypertension . . . may increase your risk of severe illness from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions. The fact that Mr. Courville might be at an increased risk of severe illness from COVID-19 due to hypertension is an extraordinary and compelling reason which calls for his release.

Am. Motion (Doc. 158, p. 18).[1]

---

[1] The Court finds it appropriate to take judicial notice of information provided on government websites. *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed"); *Gerritsen v. Warner Bros.*

- 3 -

However, the government points out that, while obesity and high blood pressure would usually present an extraordinary and compelling reason to allow compassionate release, the fact Courville has received a COVID-19 vaccine mitigates this risk. Courville has not asserted he has not been vaccinated and has not filed a reply disputing the assertion he has been vaccinated. Further, the Bureau of Prisons website indicates FCI Big Spring has 673 "Full Inmate Inoculations Completed[,]" https://www.bop.gov/coronavirus/(last accessed July 28, 2021), out of 846 inmates housed at FCI Big Spring, https://www.bop.gov/locations/institutions/big/ (last accessed July 28, 2021). For purposes of this Order, the Court accepts the assertion Courville has been fully vaccinated against COVID-19.

A term of imprisonment may be modified after it has been imposed under 18 U.S.C. § 3582(c)(1)(A)(I) after a court considers "the factors set forth in section 3553(a) to the extent that they are applicable" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(I). Such a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. However, the Ninth Circuit has held, that the Sentencing Commission's policy statement set forth at U.S.S.G. § 1B1.13 applies only to motions for a sentence reduction filed by the director of the Bureau of Prisons, and not to motions filed by or on behalf of defendants who have met the exhaustion requirement in § 3582(c)(1)(A). *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). As the Sentencing Commission has not updated § 1B1.13 since § 3582(c)(1)(A) was amended to allow a defendant to file a motion after exhausting his administrative remedies, the Commission "has not yet issued a policy statement 'applicable' to" such motions. *Id*. at 802. Although the statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," they are not binding." *Id*., *citing United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, "district courts are

---

*Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies), *citations omitted*.

empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. at 801, *quoting United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *see, e.g., United States v. Brown*, No. 4:05-CR-00227-1, 411 F.Supp.3d 446, 449, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).  While the Court is informed by this Policy, the Court recognizes the guidance by this Policy, however, is limited, because, by its terms "the policy-statement provision that was previously applicable to 18 U.S.C. § 3582(c)(1)(A) no longer fits with the statute and thus does not comply with the congressional mandate that the policy statement must provide guidance on the *appropriate use* of sentence-modification provisions under § 3582." *Cantu*, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019).

The Court considers that Courville's "medical conditions do not rise to the level of terminal illness or substantially diminish [Courville's] ability to provide self-care from within [the facility]" *United States v. Wilfred*, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020). Further, although Courville asserts the protections against COVID-19 by staff are insufficient, there is no basis to conclude that Courville is not receiving adequate care for any serious medical condition.  The Court recognizes that compassionate release takes "on added weight because of the COVID-19 virus raging across the globe."  *United States v. Esparza*, No. 1:07-CR-00294-BLW, 2020 WL 1696084, at *2 (D. Idaho Apr. 7, 2020) *Esparza*, 2020 WL 1696084 at *2.  However, as stated by government officials, "This is becoming a pandemic of the unvaccinated." https://www.whitehouse.gov/briefing-room/press-briefings/2021/07/16/press-briefing-by-white-house-covid-19-response-team-and-public-health- officials-45/ (last accessed July 28, 2021).  In fact, "[t]he good news is that if you are fully vaccinated, you are protected against severe COVID, hospitalization, and death, and are even protected against the known variants — including the Delta variant — circulating in the country." *Id*.; *see also* https://www.whitehouse.gov/wp-content/uploads/2021/07/COVID-Press-Briefing_

16July2021_for-transcript.pdf (last accessed July 28, 2021). Additionally, according to the Bureau of Prisons website, zero inmates and only one staff member at FCI-Big Spring currently tests positive for COVID-19.[2] https://www.bop.gov/coronavirus/index.jsp (last accessed July 28, 2021).

In light of the current conditions at FCI-Big Spring and Courville's vaccinated status, the Court, in its discretion, "cannot conclude, particularly in light of his vaccination, that [Courville's] current exposure to COVID-19 presents "extraordinary and compelling reasons" to justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See United States v. Cortez*, No. CR180085801PHXSPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (collecting cases). Simply put, Courville "cannot satisfy his burden in demonstrating that COVID-19 still poses a severe risk to him now that he is fully vaccinated." *United States v. Upshaw*, No. 1:14-CR-00256-NONE, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021). Additionally, the Court does not find that other reasons, or a combination of reasons, present extraordinary or compelling grounds warranting compassionate relief.

*18 U.S.C. § 3553(a)*

Even if the Court found that extraordinary and compelling reasons had been demonstrated by Courville, the Court would also need to consider the § 3553(a) factors before determining whether compassionate release is appropriate. Courville's history indicates he does not have a criminal history other than this offense. Additionally, he served in the military, was honorably discharged, was consistently employed prior to his incarceration in this matter, and has substantial family support. However, the circumstances of the offense indicate Courville accessed both multiple videos and multiple images depicting

---

[2] The Court recognizes "it is unknowable whether BOP detainees or inmates have Covid-19 until they are tested, and BOP has not conducted many or any such tests because, like the rest of the country, BOP has very few . . . actual Covid-19 test packets." Amended Motion, (Doc. 158, p. 16), *citing United States v. Caddo*, No. 3:18-cr-08341-JJT (D. Ariz. Mar. 23, 2020) (ECF Doc. 174, p. 5).

child pornography, including sadistic or masochistic conduct. Further, the sentence imposed in this case was 70 months, less than the 108 months-135 months guideline range. In sentencing Courville outside of the guideline range, the Court stated,

> I'm going to sentence Mr. Courville outside of the advisory guidelines because I think that's a reasonable sentence to address all of the factors of sentencing. Particularly the fact that, Mr. Courville, I am going to place you on supervised release to this Court for a lengthy period of time in order to ensure that you engage in the conditions of supervision that I'm going to set. So a lengthy period of incarceration is not the most reasonable sentence for you given your particular situation.

Sentencing Transcript (Doc. 135, p. 29). While the below-guideline sentence adequately reflected the seriousness of the offense, promoted respect for the law, provided a just punishment for the offense, and provided an adequate deterrence to criminal conduct, a further reduction of the sentence would not further these goals. The Court also considers that a reduced sentence would result in sentence disparities among defendants with similar records who have been found guilty of similar conduct.

*Conclusion*

In its discretion, the Court declines to find compassionate release is warranted in this case. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (holding district court did not abuse its discretion by denying compassionate release despite defendant's eligibility for that relief).

Accordingly, IT IS ORDERED:

1. The Request for Compassionate Release for Extraordinary and Compelling Reasons (Docs. 151 and 158) is DENIED.

2. The Clerk of Court shall mail a copy of this order to Daniel Courville at:

> Daniel Courville No. 72771-408
> F.C.I. Big Spring
> 1900 Simler Ave.
> Big Spring, TX 79720

DATED this 28th day of July, 2021.

_____
Cindy K. Jorgenson
United States District Judge